# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 3:03-00130 |
| | ) | Judge Trauger |
| DEANGELO OVERTON | ) | |
| | ) | |

## O R D E R

The defendant has filed a Motion For Reduction Of Sentence (Docket No. 154), as amended (Docket No. 155). The government has filed a response in opposition (Docket No. 158), to which the defendant has filed a Reply (Docket No. 159).

The Supplement to the Presentence Report indicates that, under Amendment 782 to the United States Sentencing Guidelines, the defendant's offense level has been reduced to a 30, which, when coupled with his criminal history category of IV, results in a guideline range of 135 to 168 months. The defendant qualifies for this reduction, and the court has the discretion to award the reduction.

The defendant was a young man, age 24, in 2005 when the court sentenced him to 210 months in the Bureau of Prisons. Pursuant to the Fair Sentencing Act, the court reduced his sentence in 2008 to 168 months, and he now seeks a reduction to 135 months, the bottom of the new guideline range. The court finds this additional reduction entirely appropriate. The most egregious facts surrounding this offense (the ramming of law enforcement and other cars, with a child in his car, in an effort to escape) remain highly contested, the defendant maintaining that he did not realize the individuals attempting to apprehend him were law enforcement. Even so, the original sentence and the first reduced sentence for this defendant were excessive, in the court's

mind, and his conduct while in the custody of the Bureau of Prisons has demonstrated important and extensive rehabilitation. He has completed educational courses that include accounting, math, career transitions, business, parenting, health and nutrition, spiritual development, and victim impact, HVAC, and Spanish. He has participated in drug treatment and is presently enrolled in a residential drug treatment program. He has worked for UNICOR in the bakery, the kitchen, food service and as an orderly. The court does not view three incidents of "mail abuse" as serious institutional misbehavior, whatever "mail abuse" consists of.

Taking into account all of the factors that the court must consider under 18 U.S.C. §3553(a), the court finds that the defendant's motion should be granted, and he is hereby resentenced to 135 months in the Bureau of Prisons.

It is so **ORDERED.**

Enter this 27th day of April, 2015.

_____
ALETA A. TRAUGER
United States District Judge